UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GILBERT EWING                                                                                          PETITIONER

V.                                                                    CIVIL ACTION NO. 3:11-cv-00340-CWR-FKB

WARDEN JAMES BREWER                                                                           RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on the Respondent's Motion to Dismiss (Docket No. 10) pursuant to 28 U.S.C. § 2244(d).  For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

FACTS AND PROCEDURAL HISTORY

On August 14, 2006, Petitioner Gilbert Ewing pled guilty to armed robbery in the First Judicial District of the Circuit Court of Hinds County, Mississippi and signed a petition waiving his right to appeal.[1] See Docket Nos. 10-1, at p. 2, and 10-2, at pp. 4-5. Also on August 14, 2006, the state trial court sentenced Ewing to thirty (30) years in the custody of the Mississippi Department of Corrections, ten years suspended. Docket No. 10-1, at p. 2.

On March 2, 2007, Ewing filed in the state trial court a Motion to Vacate Sentence and Conviction, which was construed as a post-conviction relief (PCR) petition. See Docket Nos. 10-

---

[1] Previously, on June 23, 2006, a jury returned a verdict of guilty against Ewing on the charge of attempted armed robbery. See Docket No. 10-1, at p. 1.  However, during jury deliberations, the State and Ewing reached a plea agreement by which Ewing would plead guilty to armed robbery and the State would nolle prosequi and the jury discontinue deliberations on four other charges pending against him.  See Ewing v. State, 34 So. 3d 612, 614 (Miss. Ct. App. 2009), cert. denied, 34 So.3d 1176 (Miss. 2010). Ewing subsequently entered his guilty plea on August 14, 2006, and, on that date, he also signed a petition waiving his right to appeal.

3 and 10-4. The state trial court denied Ewing's PCR petition on March 22, 2007, and denied his motion for rehearing on June 14, 2007. Docket Nos. 10-4 and 10-5. Ewing then filed a motion for an out of time appeal on September 4, 2007, which was granted on December 12, 2007. Docket Nos. 10-6 and 10-7.

On appeal, the Mississippi Court of Appeals affirmed the trial court's dismissal of Ewing's PCR petition and denied rehearing. Ewing, 34 So.3d at 614, 616-617; Docket No. 1, at p. 16. Ewing then filed a petition for writ of certiorari which the Mississippi Supreme Court denied on May 13, 2010. See id.; Ewing v. State, 34 So.3d 1176 (Miss. 2010). Ewing filed the instant petition for writ of habeas corpus in this Court on June 1, 2011.[2]

## DISCUSSION

In his petition before this Court, Ewing argues that a writ of habeas corpus should be granted because the indictment in his case failed to charge armed robbery and did not describe the personal property at issue. Ewing also asserts that he was subjected to double jeopardy and that his waiver of appeal contained an error in the victim's name which invalidated the waiver. Finally, Ewing argues that the trial court improperly amended the indictment.

In response to the petition, Respondent has moved for dismissal on the ground that the petition is untimely. Since the Court concludes that the respondent's motion should be granted, it

---

2 "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. See United States v. O'Kaine, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished). Since Ewing signed the instant petition on June 1, 2011, the undersigned has used that date as the filing date.

will not address the substantive issues presented in Ewing's petition.

Respondent points to the revised 28 U.S.C. § 2244(d) as the basis for his motion. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Ewing filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Ewing's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), the respondent argues

3

that his petition is untimely. The court's review of the relevant dates demonstrates that Respondent is correct in asserting that the instant petition is time barred.

Ewing pled guilty and was sentenced on August 14, 2006. Although there is a statutory prohibition against appeals from guilty pleas, the Mississippi Supreme Court established, during the relevant time period, an exception in cases alleging an illegal sentence. See Burns v. State, 344 So. 2d 1189 (Miss. 1977) (Mississippi Supreme Court had jurisdiction to hear appeal attacking sentence). Pursuant to the exception, Ewing had thirty days in which to file his appeal with the Mississippi Supreme Court. As noted, Ewing did not perfect an appeal within thirty days. Accordingly, the undersigned agrees with Respondent that Ewing's conviction became final and the statute of limitations for filing federal habeas relief began to run on September 13, 2006, thirty days after the entry of his guilty plea and sentence in the trial court.

However, the statute of limitations for filing the instant petition was tolled pursuant to Section 2244(d)(2) while Ewing sought post-conviction relief. Ewing filed his PCR petition on March 2, 2007,[3] and, after the Mississippi Court of Appeals affirmed the trial court's dismissal of Ewing's PCR petition and denied rehearing, the Mississippi Supreme Court denied Ewing's petition for writ of certiorari on May 13, 2010. Ewing v. State, 34 So.3d 1176 (Miss. 2010). Therefore, even if the one-year limitations period was tolled for the entire period from March 2, 2007, until May 13, 2010, the instant petition for writ of habeas corpus filed on June 1, 2011, was untimely.

---

3 In its Motion, Respondent used February 28, 2007, the date on which Ewing signed his PCR petition, as the filing date. Apparently, Respondent was applying the "mailbox rule." However, the Fifth Circuit has held that the "mailbox rule" does not apply to state court filings. Torns v. Mississippi, 54 Fed. Appx. 592 (5th Cir. 2002). Accordingly, although it is inconsequential in determining whether the instant petition was filed timely, the undersigned has used March 2, 2007, the date on which Ewing's PCR petition was actually filed in state court, as the filing date.

## CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that Respondent's motion to dismiss be granted and that this case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29(5th Cir. 1996).

RESPECTFULLY SUBMITTED this the 16th day of November, 2011.

    /s/  F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE